**Kingspointe of Naperville**
14032 S. Kostner Avenue
Suite M
Crestwood, IL  60418

Phone: 708-396-1800
Fax: 708-396-9831

## Membership Statement

A148
Page 3 of 3
3/7/2019 11:14

Release 10.03

| Date | Ref | Transaction Name | Payee | Charges | Payments | Balance |
|---|---|---|---|---|---|---|
| 8/7/2018 | 1838 | Member Payment | Werner, Patricia | | ($34.35) | $148.43 |
| 8/19/2018 | | Water Charges | | $33.81 | | $182.24 |
| 8/20/2018 | 1841 | Member Payment | Werner, Patricia | | ($33.81) | $148.43 |
| 9/1/2018 | | Assessment | Werner, Patricia | $178.25 | | $326.68 |
| 9/17/2018 | 1847 | Member Payment | Werner, Patricia | | ($38.07) | $288.61 |
| 9/21/2018 | | Water Charges | | $38.07 | | $326.68 |
| 10/1/2018 | | Assessment | Werner, Patricia | $178.25 | | $504.93 |
| 10/15/2018 | 1851 | Member Payment | Werner, Patricia | | ($178.25) | $326.68 |
| 10/16/2018 | C20181016 | EFT Member Payment | Patricia T Werner | | ($356.50) | ($29.82) |
| 10/21/2018 | | Water Charges | | $23.00 | | ($6.82) |
| 10/23/2018 | 1856 | Member Payment | Werner, Patricia | | ($23.00) | ($29.82) |
| 11/1/2018 | | Assessment | Werner, Patricia | $178.25 | | $148.43 |
| 11/21/2018 | | Water Charges | | $25.18 | | $173.61 |
| 12/1/2018 | | Assessment | Werner, Patricia | $178.25 | | $351.86 |
| 12/7/2018 | C20181207 | EFT Member Payment | Patricia Werner | | ($25.18) | $326.68 |
| 12/20/2018 | 1865 | Member Payment | Werner, Patricia | | ($26.79) | $299.89 |
| 12/21/2018 | | Water Charges | | $26.79 | | $326.68 |
| 1/1/2019 | | Assessment | Werner, Patricia | $178.25 | | $504.93 |
| 1/16/2019 | | Late Fee | Werner, Patricia | $25.00 | | $529.93 |
| 1/20/2019 | | Water Charges | | $30.22 | | $560.15 |
| 1/22/2019 | 1866 | Member Payment | Werner, Patricia | | ($30.22) | $529.93 |
| 2/1/2019 | | Assessment | Werner, Patricia | $178.25 | | $708.18 |
| 2/16/2019 | | Late Fee | Werner, Patricia | $25.00 | | $733.18 |
| 2/19/2019 | 1868 | Member Payment | Werner, Patricia | | ($28.98) | $704.20 |
| 2/27/2019 | | Water Charges | | $28.98 | | $733.18 |
| 3/1/2019 | | Assessment | Werner, Patricia | $178.25 | | $911.43 |
| | | | | $5,923.46 | ($5,012.03) | $911.43 |

*3-7-19 BK Legal Fee - Lift Stay*   881.00   1,792.43

**Kingspointe of Naperville**
14032 S. Kostner Avenue
Suite M
Crestwood, IL  60418

Phone: 708-396-1800
Fax: 708-396-9831

## Membership Statement

A148
Page 2 of 3
3/7/2019 11:14

Release 10.03

| Date | Ref | Transaction Name | Payee | Charges | Payments | Balance |
|---|---|---|---|---|---|---|
| 7/5/2017 | 1707 | Member Payment | Werner, Patricia | | ($135.08) | $141.80 |
| 7/21/2017 | | Water Charges | | $32.09 | | $173.89 |
| 7/24/2017 | 1713 | Member Payment | Werner, Patricia | | ($32.09) | $141.80 |
| 8/1/2017 | | Assessment | | $135.08 | | $276.88 |
| 8/23/2017 | | Water Charges | | $41.50 | | $318.38 |
| 9/1/2017 | | Assessment | | $135.08 | | $453.46 |
| 9/18/2017 | 1731 | Member Payment | Werner, Patricia | | ($78.99) | $374.47 |
| 9/21/2017 | | Water Charges | | $37.49 | | $411.96 |
| 10/1/2017 | | Assessment | | $135.08 | | $547.04 |
| 10/3/2017 | 1733 | Member Payment | Werner, Patricia | | ($270.16) | $276.88 |
| 10/25/2017 | | Water Charges | | $36.09 | | $312.97 |
| 10/31/2017 | 1748 | Member Payment | Werner, Patricia | | ($135.08) | $177.89 |
| 10/31/2017 | 1749 | Member Payment | Werner, Patricia | | ($36.09) | $141.80 |
| 11/1/2017 | | Assessment | | $135.08 | | $276.88 |
| 11/14/2017 | 1759 | Member Payment | Werner, Patricia | | ($405.24) | ($128.36) |
| 11/22/2017 | | Water Charges | | $30.95 | | ($97.41) |
| 11/28/2017 | 1764 | Member Payment | Werner, Patricia | | ($540.32) | ($637.73) |
| 11/28/2017 | 1765 | Member Payment | Werner, Patricia | | ($30.95) | ($668.68) |
| 12/1/2017 | | Assessment | | $135.08 | | ($533.60) |
| 12/20/2017 | | Water Charges | | $32.55 | | ($501.05) |
| 12/27/2017 | 1780 | Member Payment | Werner, Patricia | | ($32.55) | ($533.60) |
| 1/1/2018 | | Assessment | Werner, Patricia | $178.25 | | ($355.35) |
| 1/20/2018 | | Water Charges | | $33.71 | | ($321.64) |
| 2/1/2018 | | Assessment | Werner, Patricia | $178.25 | | ($143.39) |
| 2/6/2018 | 1791 | Member Payment | Werner, Patricia | | ($193.79) | ($337.18) |
| 2/21/2018 | | Water Charges | | $32.55 | | ($304.63) |
| 2/21/2018 | 1797 | Member Payment | Werner, Patricia | | ($135.08) | ($439.71) |
| 2/21/2018 | 1799 | Member Payment | Werner, Patricia | | ($32.95) | ($472.66) |
| 3/1/2018 | | Assessment | Werner, Patricia | $178.25 | | ($294.41) |
| 3/6/2018 | 1802 | Member Payment | Werner, Patricia | | ($135.08) | ($429.49) |
| 3/20/2018 | 1803 | Member Payment | Werner, Patricia | | ($170.39) | ($599.88) |
| 3/22/2018 | | Water Charges | | $35.31 | | ($564.57) |
| 4/1/2018 | | Assessment | Werner, Patricia | $178.25 | | ($386.32) |
| 4/17/2018 | 1806 | Member Payment | Werner, Patricia | | ($38.03) | ($424.35) |
| 4/19/2018 | | Water Charges | | $38.03 | | ($386.32) |
| 5/1/2018 | | Assessment | Werner, Patricia | $178.25 | | ($208.07) |
| 5/15/2018 | 1812 | Member Payment | Werner, Patricia | | ($35.92) | ($243.99) |
| 5/19/2018 | | Water Charges | | $35.92 | | ($208.07) |
| 6/1/2018 | | Assessment | Werner, Patricia | $178.25 | | ($29.82) |
| 6/15/2018 | 1821 | Member Payment | Werner, Patricia | | ($33.35) | ($63.17) |
| 6/19/2018 | 1829 | Member Payment | Werner, Patricia | | ($178.25) | ($241.42) |
| 6/20/2018 | | Water Charges | | $33.35 | | ($208.07) |
| 7/1/2018 | | Assessment | Werner, Patricia | $178.25 | | ($29.82) |
| 7/21/2018 | | Water Charges | | $34.35 | | $4.53 |
| 8/1/2018 | | Assessment | Werner, Patricia | $178.25 | | $182.78 |

Kingspointe of Naperville  
14032 S. Kostner Avenue  
Suite M  
Crestwood, IL  60418  

Phone: 708-396-1800  
Fax: 708-396-9831  

# Membership Statement

A148  
Page 1 of 3  
3/7/2019 11:14  

Release 10.03

## Statement for Kingspointe of Naperville - 2830P - Werner, Patricia

Patricia Werner  
2830 Powell Court  
Naperville, IL  60563  

**List of Members**  
Werner, Patricia  

Amount Due    $911.43  

Type    Monthly  
Day Due    1st of month  

**Late Fee Terms**  
Avoid Late and Legal Charges-Pay Prior to Late Fee Date  

**Physical Address**  2830 Powell Court  
Naperville, IL  60563  

Account Id  4111  

*Show transactions between 11/1/2016 and 12/31/2199*

| Date | Ref | Transaction Name | Payee | Charges | Payments | Balance |
|---|---|---|---|---|---|---|
| | | Opening Balance | | | ($9.42) | ($9.42) |
| 11/1/2016 | | Assessment | | $175.57 | | $166.15 |
| 11/15/2016 | | Late Fee | Werner, Patricia | $25.00 | | $191.15 |
| 11/21/2016 | 1648 | Member Payment | Werner, Patricia | | ($31.81) | $159.34 |
| 11/23/2016 | | Water Charges | | $31.81 | | $191.15 |
| 11/28/2016 | 1649 | Member Payment | Werner, Patricia | | ($200.00) | ($8.85) |
| 12/1/2016 | | Assessment | | $175.57 | | $166.72 |
| 12/13/2016 | 1656 | Member Payment | Werner, Patricia | | ($175.57) | ($8.85) |
| 12/23/2016 | | Water Charges | | $29.82 | | $20.97 |
| 12/27/2016 | 1661 | Member Payment | Werner, Patricia | | ($29.82) | ($8.85) |
| 1/1/2017 | | Assessment | | $179.13 | | $170.28 |
| 1/19/2017 | | Water Charges | | $31.20 | | $201.48 |
| 2/1/2017 | | Assessment | | $179.13 | | $380.61 |
| 2/16/2017 | | Late Fee | Werner, Patricia | $25.00 | | $405.61 |
| 2/21/2017 | 1673 | Member Payment | Werner, Patricia | | ($90.63) | $314.98 |
| 2/21/2017 | 1674 | Member Payment | Werner, Patricia | | ($385.00) | ($70.02) |
| 2/22/2017 | | Water Charges | | $34.43 | | ($35.59) |
| 3/1/2017 | | Assessment | | $179.13 | | $143.54 |
| 3/18/2017 | | Water Charges | | $28.38 | | $171.92 |
| 4/1/2017 | | Assessment | | $179.13 | | $351.05 |
| 4/5/2017 | 1681 | Member Payment | Werner, Patricia | | ($28.38) | $322.67 |
| 4/19/2017 | | Water Charges | | $30.81 | | $353.48 |
| 4/20/2017 | 1687 | Member Payment | Werner, Patricia | | ($30.81) | $322.67 |
| 5/1/2017 | | Assessment | | $179.13 | | $501.80 |
| 5/1/2017 | 1691 | Member Payment | Werner, Patricia | | ($360.00) | $141.80 |
| 5/19/2017 | | Water Charges | | $32.50 | | $174.30 |
| 5/30/2017 | 1693 | Member Payment | Werner, Patricia | | ($32.50) | $141.80 |
| 5/30/2017 | 1697 | Member Payment | Werner, Patricia | | ($179.13) | ($37.33) |
| 6/1/2017 | | Assessment | | $179.13 | | $141.80 |
| 6/19/2017 | | Water Charges | | $34.42 | | $176.22 |
| 6/27/2017 | 1700 | Member Payment | Werner, Patricia | | ($34.42) | $141.80 |
| 7/1/2017 | | Assessment | | $135.08 | | $276.88 |

UNOFFICIAL COPY

R96 183625
RECORDER
DU PAGE COUNTY

96 NOV 12 AM

# DECLARATION OF CONDOMINIUM OWNERSHIP

and of

## EASEMENTS, COVENANTS AND RESTRICTIONS

FOR

### KINGSPOINTE OF NAPERVILLE CONDOMINIUM ASSOCIATION

P.I.N.: 07-10-300-007
07-10-300-018
07-10-300-019

Property Address:
East of Rte 59 on Gowdey Road
903 thru 913 Sheridan Circle
Naperville, IL 60504

Prepared by:
Donald J. Manikas
Lord, Bissell & Brook
115 South LaSalle
Chicago, Illinois  60603

After Recording Mail to:
Maria L. Pasquinelli
Pasquinelli, Inc.
905 W. 175th St, Suite 200
Homewood, IL  60430

Kings.DOC October 11, 1996

A delineation of the property described in this instrument appears in
PLAT BOOK NO. 179 PAGE 100

UNOFFICIAL COPY

(d) <u>Maintenance and size of Privacy Fences.</u> All privacy fences, where applicable, shall be installed by the Developer, and shall be 6 feet in length and 6 feet in height. All privacy fences shall be maintained by the Association.

9. <u>Use by Trustee</u> During the period of development, construction and sale by the Trustee of any Units, the Developer, Trustee and its beneficiary and said beneficiary's agents, employees, contractors and subcontractors, and their respective agents and employees, shall be entitled to access, ingress to and egress from the Buildings and Property as may be required for purposes of said development, construction and sale of Units. While the Trustee owns any of the Units and until each unit sold by it is occupied by the purchasers, the Trustee and its employees may use and show one or more of such unsold or unoccupied Units as a model Unit or Units and may use one or more of such unsold or unoccupied Units as a sales office, and may maintain customary signs in connection therewith.

10. <u>Common Expenses</u>. Except as elsewhere provided herein, each Unit Owner, including the Trustee, and including the Developer as to completed Units he has not yet sold, but which are subjected to this Declaration whether originally or by Amendment as set forth in Paragraph 18 hereof, shall pay his proportionate share of the expenses of the administration and operation of the Common Elements and of any other expenses incurred in conformance with the Declaration and By-Laws (which expenses are herein sometimes referred to as "common expenses"), including, but not limited to, the maintenance and repair thereof and any and all replacements and additions thereto. Except for its responsibilities as a Unit Owner, as provided here, neither the Developer, the Trustee nor its beneficiary shall have any responsibility for the maintenance, repair or replacement of any part of the Common Elements after the date this Declaration is recorded. Notwithstanding the foregoing, the Developer shall remain responsible for its warranty obligations as provided by the VA contract rider and as additionally set forth in the R.W.C. Warranty. Such proportionate share of the common expenses for each Unit Owner shall be in accordance with his percentage of ownership in the Common Elements, except that, with respect to any meters measuring the use of light or heat or water on the basis of the consumption thereof in a Building, at the option of the Board and at its sole discretion, the expenses therefor may be allocated to and assessed against the Unit or Units located within that Building. In such an event, all of the Units in each said Building shall be responsible for the total cost of said metered expense for said Building, and among themselves each of said Units shall be responsible for that proportion of said cost equal to the proportion which the Percentage Ownership of Common Elements of said Unit bears to the total Percentage Ownership of Common Elements of all of the Units in the Building. Payment of common expenses, including any prepayment thereof required by the

Page 14

contract for sale of a Unit, shall be in such amounts and at such times as determined in the manner provided by the By-Laws. No Unit Owner shall be exempt from payment of his proportionate share of the common expenses by waiver or non use or enjoyment of the Common or Limited Common Elements or by abandonment of his Unit. If any Unit Owner shall fail or refuse to make any such payment of the common expenses when due, the amount thereof together with interest thereon at the rate of 8% per annum, or such greater percentage as may then be permitted under the law of the State of Illinois, after said common expenses become due and payable, shall constitute a lien on the interest of such Unit Owner in the Property as provided in the Act, provided, however, that such lien shall be subordinate to the lien of a prior recorded first mortgage on the interest of such Unit Owner, except for the amount of the proportionate share of common expenses which become due and payable from and after the date on which the same mortgage owner or holder either takes possession of the Unit, accepts a conveyance of any interest therein (other than as security) or accepts a deed in lieu of foreclosure for its mortgage and causes a receiver to be appointed in suit to foreclose its mortgage. This provision shall not be amended, changed, modified or rescinded without the prior written consent of all lien holders of record. Where the Developer has a majority of seats on the Board, and the Board fails to record notice of such lien on the interest of the delinquent Unit Owner, then an Unit Owner may record such lien.

The Developer shall establish a working capital fund consisting of three months' estimated common charges for each Unit. Amounts paid into this fund shall not be considered as advance payments of regular assessments. The Developer shall collect each Unit's share of the working capital fund at the time the sale of the Unit is closed and then shall transfer to the Association such monies for deposit to a segregated fund. Within sixty (60) days after the closing has been held for the first Unit, the Developer shall pay each unsold Unit's share of the working capital fund to the Association. The Developer shall then be entitled to reimburse itself for this payment from the funds collected at each closing when unsold Units are sold.

Any non-recurring common expense, any common expense not set forth in the budget as adopted, and any increase in assessment over the amount adopted shall be separately assessed against all Unit Owners. Any such separate assessment shall be subject to approval by the affirmative vote of three-fourths (3/4) of the Unit Owners voting in a meeting of Unit Owners duly called for the purpose of approving the assessment if it involves proposed expenditures resulting in a total payment assessed to a Unit equal to the greater of 5 times the Units' most recent common expense assessment calculated on a monthly basis or $300.00.

11. <u>Mortgages</u>. Each Unit Owner shall have the right, subject to the provisions herein, to make separate mortgages for his

Page 15

appraiser, then the one designated by the other party shall make the appraisal. The cost of the appraisal shall be divided equally between such Unit Owner and the Board, and the Board's share shall be a common expense.

23. **Remedies.** In the event of any violation of the provisions of the Act, Declaration, By-Laws or rules and regulations of the Board or Association by any Unit Owner (either by his own conduct or by the conduct of any other Occupant of his Unit) the Association, or its successors or assigns, or the Board, or its agent, shall have each and all of the rights and remedies which may be provided for in the Act, Declaration, By-Laws, Forcible Entry and Detainer Act, or said rules and regulations, or which may be available at law or in equity, and may prosecute an action or other proceedings against such defaulting Unit Owner and/or others for enforcement of any lien and the appointment of a receiver for the Unit and ownership interest of such Unit Owner, or for damages of injunction or specific performance, or for judgment for payment of money and collection thereof, or the right to take possession of the Unit and to sell the same as hereinafter in this paragraph provided, or for any combination of remedies, or for any other relief. All expenses of the Board in connection with any such actions or proceedings, including court costs and attorney's fees and other fees and expenses and all damages, liquidated or otherwise, together with interest thereon at the rate of eight percent (8%) per annum or the maximum rate permitted by law, whichever is higher, until paid, shall be charged to and assessed against such defaulting Unit Owner, and shall be added to and deemed part of his respective share of the common expenses, and the Board shall have a lien for all of the same, as well as for nonpayment of his respective share of the common expenses, upon the Unit and ownership interest in the Common Elements of such defaulting Unit Owner and upon all of his additions and improvements thereto and provided, however, that such lien shall be subordinate to the lien of a prior recorded first mortgage on the interest of such Unit Owner owned or held by any insurance company, bank, savings and loan, mortgage banker or FNMA or other lending institution, except for the amount of the proportionate share of said common expenses which become due and payable after the date on which the said mortgage owner or holder either (a) takes possession of the Unit, (b), accepts a conveyance of any interest therein (other than as a security), or (c), accepts a deed in lieu of foreclosure for its mortgage or causes a receiver to be appointed in suit to foreclose its mortgage. Notice of such lien may be recorded by the Board, or if the developer is the manager or has a majority of seats on the Board and the Board fails to do so, any Unit Owner may record such notice. In the event of such a default by any Unit Owner, the Board and the manager or managing agent, if so authorized by the Board, shall have the authority to correct such default, and to do whatever may be necessary for such purpose and all expenses in connection therewith shall be charged to and assessed against such defaulting Unit Owner. Any and all such

Page 32

UNOFFICIAL COPY

rights and remedies may be exercised at any time and from time to time, cumulatively or otherwise, by the Board. This paragraph shall not be amended, changed, modified or rescinded without the prior consent of all holders of record of mortgage liens against Units in the Building.

The violation of any restriction or condition or regulation adopted by the Board or the breach of any covenant or provision herein contained, shall give the Board the right, in addition to any other rights provided for in this Declaration; (a) to enter upon the Unit, or any portion of the property upon which such violation or breach exists and to summarily abate and remove, at the expense of the defaulting Unit Owner, any structure, thing or condition that may exist thereon contrary to the intent and meaning of the provisions hereof, and the Board, or its employees or agents, shall not thereby be deemed guilty in any manner of trespass; or (b) to enjoin, abate or remedy by appropriate legal proceedings, either at law or in equity, the continuance of any breach; or (c) to take possession of such Unit Owner's interest in the property and to maintain an action for possession of such unit in the manner provided by law.

If any Unit Owner (either by his own conduct or by the conduct of any other occupant of his Unit) shall violate the Act, or any of the covenants or restrictions or provisions of this Declaration or the regulations adopted by the Board, and if such default or violation shall continue for ten (10) days after notice to the Unit Owner in writing from the Board, or shall occur repeatedly during any ten (10) day period after such written notice or request to cure such violation from the Board, then the Board shall have the power to issue to said defaulting Owner a notice in writing terminating the rights of the said defaulting Owner to continue as a Unit Owner and to continue to occupy, use or control his Unit, and thereupon an action in equity may be filed by the Board against said defaulting Owner for a decree of mandatory injunction against such defaulting Owner or Occupant, or in the alternative, for a decree declaring the termination of said defaulting Owner's right to occupy, use or control the Unit owned by him on account of said violation, and ordering that all the right, title and interest of said defaulting Owner in the Property shall be sold (subject to the lien of any existing mortgage) at a judicial sale upon such notice and terms as the court shall determine, except that the court shall enjoin and restrain the said default Owner from reacquiring his interest at such judicial sale. The proceeds of any such judicial sale shall first be paid to discharge court costs, court reporter charges, reasonable attorneys' fees and all other expenses of the proceeding and sale, and all such items shall be taxed against said defaulting Owner in said decree. Any balance of proceeds after satisfaction of such charges and any unpaid assessments hereunder or any liens, shall be paid to said defaulting Owner. Upon the confirmation of such sale, the purchaser shall thereupon be entitled to a deed to the Unit and Unit Owner's corresponding

Page 33